■ In the Matter of Paul Walsh, Appellant, v. Ewald B. Nyquist, as Commissioner of Education of the State of New York, et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered September 4, 1971 in Albany County, which dismissed appellant's petition, in a proceeding under CPLR article 78, to annul a determination of the Commissioner of Education of the State of New York. On June 3, 1969, following a hearing pursuant to the provisions of section 3013 of the Education Law, appellant was dismissed from his position as a teacher by the Board of Education of the Sherburne-Earlville Central School District. The Board of Education had found appellant guilty of a number of specific acts of misconduct and had determined that these acts constituted insubordination, inefficiency and neglect of duty which under section 3013 of the Education Law are sufficient grounds for dismissal. On appeal to the Commissioner of Education, the findings of the Board of Education were generally sustained, but the Commissioner took the view that the charges were not sufficiently serious to warrant dismissal and converted the penalty into a suspension without pay running from June 3, 1969 until the day of the Commissioner's decision, February 27, 1970. Appellant thereafter commenced a special proceeding under article 78 of the CPLR to annul that portion of the Commissioner's decision which suspended his salary. The Special Term concluded that there was no showing that the Commissioner had proceeded in an unlawful manner or that his determination was in any manner arbitrary or capricious and, accordingly, dismissed the petition on the merits. Appellant does not contest the factual findings of the Commissioner that he was guilty of specific acts of misconduct; nor does he question the Commissioner's conclusion that these acts constituted insubordination, inefficiency and neglect of duty. The thrust of his argument seems to be that since the Commissioner could not find that the substantiated charges warranted dismissal, the reduction of the penalty to a suspension is arbitrary. We cannot agree that the more lenient action of the Commissioner in reducing the penalty is in any sense arbitrary. Since a determination of the Commissioner of Education under section 310 of the Education Law is final unless purely arbitrary (see, e.g., Matter of Lubell v. Nyquist, 31 A D 2d 569, mot. for lv. to app. den. 23 N Y 2d 645), the judgment of the Special Term must be affirmed. Judgment affirmed, without costs. Herlihy, P. J., Aulisi, Staley, Jr., Cooke and Sweeney, JJ., concur.